

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-17-00326-CR**

**DEANNA KATHRYN LARA,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 15,026**

**MEMORANDUM OPINION**

Deanna Kathryn Lara was convicted of three counts of sexual assault of a child

and five counts of improper relationship between an educator and student.  *See* TEX.

PENAL CODE ANN. §§ 22.011 (sexual assault); 21.12 (improper relationship).  She was

sentenced to 10 years in prison on each count with the sentences to run concurrently.  We

affirm the trial court's judgments.

Lara contends Section 21.12 of the Texas Penal Code is unconstitutional as applied

to her regarding one count of the indictment.  She contends that because the victim was

of lawful age to consent to the sexual conduct, the State cannot criminalize it. She also contends that because of the nature of the allegation and evidence admitted on that one count, her convictions on the other seven counts were tainted.

Prior to trial, Lara presented, and the trial court clerk filed, a written motion to declare Texas Penal Code Section 21.12, Improper Relationship between an Educator and a Student, unconstitutional as applied to Lara. After the State rested its case, Lara's motion was brought to the attention of the trial court. The court acknowledged that it had looked at the motion but wanted to "digest it further as the case goes on." After eliciting a response from the State, the trial court stated, "…let me rule on it later for you before the case is over." By the end of the case, the motion was not brought to the trial court's attention again, and a ruling on it was never made.

To preserve a complaint for appellate review, a defendant must raise the complaint by a timely request, objection, or motion and obtain a ruling on it by the trial court. *See* TEX. R. APP. P. 33.1(a). Although Lara raised her constitutionality complaint to the trial court by motion, she did not secure a ruling.[1] Thus, Lara's complaint is not preserved for our review, and her first issue is overruled.

Further, because Lara's first issue is overruled, we cannot review whether any alleged constitutional error contributed to Lara's remaining convictions on the other seven counts. Lara's second issue is overruled.

---

[1] Although Lara filed a motion for new trial, the motion did not include Lara's constitutional complaint as a ground for a new trial.

Having overruled each issue on appeal, we affirm the trial court's judgments.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed May 15, 2019
Do not publish
[CRPM]

